UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

COREY SUMLIN,

                 Defendant.

18-Cr-682 (SHS)
20-Cv-230 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Corey Sumlin moves without counsel to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Def.'s Mot., ECF No. 34.) He brings several claims, most of which depend on the U.S. Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Even construing Sumlin's motion liberally as a pro se litigant, as the Court must, *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001), there is no merit to his claims. Sumlin's motion is therefore denied in full.

**I.  BACKGROUND**

In August 2013, Sumlin was arrested while carrying a handgun in the Bronx, New York. (PSR ¶¶ 36–38, ECF No. 29.) Owing to his two prior New York state felony convictions, Sumlin was charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Sumlin pleaded guilty to this charge before Judge Denise L. Cote, who sentenced him to forty-six months' imprisonment, followed by three years' supervised release. (*Id.* ¶ 36.)

Sumlin was released from prison in January 2018, after which he began his term of supervised release. (*Id.* ¶ 40.) In May 2018, however, Sumlin was again arrested while carrying a handgun in the Bronx. (*Id.* ¶¶ 12–13.) He appeared once more before Judge Cote and was arraigned on seven specifications of supervised-release violations. Meanwhile, Sumlin was also charged with another count of being a felon in possession of a firearm in violation of section 922(g)(1). (*Id.* ¶¶ 1–2.)

On March 21, 2019, after this Court denied his motion to suppress the handgun found on his person, Sumlin pleaded guilty in accordance with a written plea agreement. (*See id.* ¶ 3.) Sumlin also pleaded guilty to two of the seven supervised-release specifications. (*Id.* ¶ 40.) During the plea colloquy, the government gave the following description of the essential elements to Sumlin's crime:

> First, the government would have to prove that the defendant knowingly possessed a firearm. Second, that at the time of that possession, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one

year. And finally, that the possession of the firearm was in or affecting interstate commerce.

(Plea Tr. at 9:19–25, ECF No. 24.) Then, to establish a factual basis for his plea, Sumlin admitted the following:

> On May 12, 2018, your Honor, I was in possession of a firearm in the Southern District of New York, in the Bronx. At the time I was previously convicted of a felony. Your Honor, I knew I was wrong, and I knew what I was doing was wrong and illegal.

(*Id.* at 17:18–22.)

In June 2019, the Supreme Court issued its opinion in *Rehaif v. United States*, a case addressing the necessary mental state to support a conviction for possessing a firearm in violation of 18 U.S.C. § 922(g), the same crime for which Sumlin has been convicted. 139 S. Ct. at 2194. Section 922(g) criminalizes the possession of a firearm by certain categories of persons, including individual like Sumlin "who ha[ve] been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."[1] 18 U.S.C. § 922(g)(1). The penalty provision for this crime provides that anyone who "*knowingly* violates" section 922(g) shall be fined or imprisoned for up to ten years. *Rehaif*, 139 S. Ct. at 2194 (quoting U.S.C. § 924(a)(2)). *Rehaif* held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status" as a person prohibited from possession a firearm. *Id.* In other words, to establish a conviction under section 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

About a month after *Rehaif* was decided, this Court sentenced Sumlin to another term of forty-six months imprisonment, based on both his section 922(g) plea and supervised-release violations. (J., ECF No. 31.) Sumlin did not file a notice of appeal.

On January 10, 2020, Sumlin filed this motion under 28 U.S.C. § 2255, seeking to vacate his conviction based on various claims, all of which relate to the Supreme Court's decision in *Rehaif*. (*See* Def.'s Mot. at 5–7, 9.) Sumlin later filed two more motions: one supplementing his allegations of ineffective assistance of counsel under Federal Rule of Civil Procedure 15(d) (Def.'s Mot. Suppl. Pleadings, ECF No. 36), and another requesting the "essential documents pertaining to his criminal prosecution," including, among other items, the "indictment pertaining to the criminal charge" (Def.'s Mot. Disclosure at 1, ECF No. 37). At the direction

---

[1] Technically, *Rehaif* did not involve a conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Instead, the defendant in *Rehaif* was charged with possessing a firearm while being a noncitizen "illegally or unlawfully in the United States" in violation of 18 U.S.C. § 922(g)(5). 139 S. Ct. at 2194 (quoting 18 U.S.C. § 922(g)(5)(A)). *Rehaif* makes clear, however, that its holding applies equally to all violations of section 922(g), including being a felon in possession. *See id.*

of the Court, the government filed its opposition to Sumlin's motion on March 12, 2020. (Gov't Opp'n, ECF No. 38.) Sumlin then filed his pro se reply on May 1, 2020. (Def.'s Reply, ECF No. 43.) The motion is thus ripe for adjudication.

## II. DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may move "to vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Generally, a motion made under section 2255 requires a hearing, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b); *see also Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003). To be entitled to a hearing, then, the movant "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). No hearing is required when the movant's allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962).

Here, Sumlin's motion raises three claims: (1) that his plea was not made knowingly and voluntarily; (2) that he received constitutionally ineffective assistance of counsel; and (3) that the Court lacked subject-matter jurisdiction. (*See* Def.'s Mot. at 5–7, 9.) For the reasons set forth below, each claim clearly fails on the merits, and a hearing on the motion is unnecessary.

### A. Sumlin's Plea Was Made Knowingly and Voluntarily

"It is a settled principle of federal constitutional law that a guilty plea violates due process and is therefore invalid if not entered voluntarily and intelligently." *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012) (quoting *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005)). To ensure that a defendant's rights are adequately protected, Federal Rule of Criminal Procedure 11 "sets forth requirements for a plea allocution and is designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Andrades*, 169 F.3d 131, 133 (2d Cir. 1999). Among other things, the rule requires that, before accepting a guilty plea from a defendant, "the court must inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G).

To satisfy Rule 11, courts must "ensure that defendants understand the elements of the offenses to which they are pleading guilty." *United States v. Lloyd*, 901 F.3d 111, 121 n.6 (2d Cir. 2018). "Without being fully informed of the nature of the offense, and without an established factual basis for finding that one of its elements was satisfied, it is hard to imagine how a defendant's plea could be knowing and voluntary." *United States v. Balde*, 943 F.3d 73, 95 (2d Cir. 2019).

Here, Sumlin claims that his plea was not made knowingly and voluntarily because he was not instructed on the essential elements of his crime, as clarified by the Supreme Court's

3

decision in *Rehaif*. In particular, he argues that, "[d]uring [his] plea allocution, the court failed to inquire as to the status element of the offense." (Def.'s Mot. at 7.) Thus, he maintains that he "was not made aware that [he] had to know that [he] was part of a class that was prohibited from possessing a firearm" and "there was no factual basis for [his] plea." (*Id.*)

In response, the government argues that Sumlin's challenge to the validity of his plea is procedurally defaulted because it was not raised on direct appeal. (Gov't Opp'n at 3–6.) The Court agrees. "In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). "[P]rocedural default," as this bar is named, can be avoided only "if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Id.* Neither pathway is available to Sumlin.

First, Sumlin cannot show cause for his procedural default. Cause exists when "some objective factor external to the defense" prevented the defaulted claim from being raised earlier. *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Liberally construed, *see Green*, 260 F.3d at 83, Sumlin's motion claims that he should be excused from procedural default because his attorney failed to file a notice of appeal. (*See* Def.'s Mot. at 4–5.) But "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486; *see also Gupta*, 913 F.3d at 84.

To be sure, an attorney's failure to raise a claim can constitute cause "if the procedural default is the result of ineffective assistance of counsel" or if "the factual or legal basis for a claim was not reasonably available to counsel." *Murray*, 477 U.S. at 488. As discussed below, Sumlin's attorney was not constitutionally ineffective in not filing an appeal. *See infra* Section II.B. And there is no doubt that the claim was reasonably available to Sumlin. "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Thorn*, 659 F.3d at 233 (quoting *Smith v. Murray*, 477 U.S. 527, 537 (1986)). Indeed, *Rehaif* was decided just a few months after Sumlin's guilty plea, and an entire month before he was sentenced. Nothing precluded Sumlin from moving to withdraw his guilty plea at that time. *See* Fed. R. Crim. P. 11(d)(2)(B) ("A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal.").

Nor can Sumlin establish prejudice. To do so, "he must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Here, as the government correctly notes, any *Rehaif* claim brought by Sumlin would undoubtedly fail on the merits. (Gov't Opp'n at 8.) The record is replete with evidence that Sumlin "knew he

4

belonged to the relevant category of persons barred from possessing a firearm," *Rehaif*, 139 S. Ct. at 2200—that is, that he was aware that he was a "person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Most notably, Sumlin had already pleaded guilty to—and served a forty-six-month sentence of imprisonment for—a violation of section 922(g)(1). (PSR ¶¶ 36, 39–40.) Sumlin's argument, then, amounts to the dubious claim that he did not know that he was prohibited from possessing a firearm even though he had already been punished for doing so.

What is more, during his plea colloquy, Sumlin himself admitted:

On May 12, 2018, your Honor, I was in possession of a firearm in the Southern District of New York, in the Bronx. *At the time I was previously convicted of a felony.* Your Honor, I knew I was wrong, and I knew what I was doing was wrong and illegal.

(Plea Tr. at 17:18–22 (emphasis added).) Thus, Sumlin's own sworn statements suggest that he knew that, at the time of his arrest, he was prohibited from possessing a firearm.

Sumlin's case is thus nothing like *United States v. Balde*, a case in which the Second Circuit vacated a defendant's guilty plea in light of *Rehaif*. *See* 943 F.3d at 98. The defendant there had pleaded guilty to possessing a firearm as a noncitizen "illegally or unlawfully in the United States" in violation of 18 U.S.C. § 922(g)(5). *Id.* at 77. After *Rehaif* was decided, the defendant "assert[ed] that, whatever his legal status at the time he possessed the firearm, he did not *know* at that time that he was in the United States illegally, and that he therefore is not guilty of violating 18 U.S.C. § 922(g)(5)(A)." *Id.* at 78. Critically, *Balde* noted that the record did not establish knowledge of his unlawful immigration status. To the contrary, "[t]hroughout the proceedings below, the nature of [his] status was hotly contested."[2] *Id.* at 97. Here, by contrast, the record not only lacks any indication that Sumlin lacked knowledge of his status as a felon barred from possessing a firearm but in fact confirms that he had such knowledge.

For the same reason, Sumlin cannot rely on his actual innocence to bypass procedural default. To establish actual innocence, he must demonstrate that "'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'"

---

[2] It makes sense that, as a general matter, whether a defendant was aware of his immigration status (or, more accurately, lack thereof), as in *Balde*, is harder to determine than whether a defendant was aware of his status as a felon. As the Supreme Court has recognized, "[i]mmigration law can be complex, and it is a legal specialty of its own." *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010) In fact, even "[s]ome members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it." *Id.* By contrast, knowledge of "ha[ving] been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), seldom requires specialized knowledge.

*Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). In light of the evidence discussed above, Sumlin cannot meet that heavy burden here.

### B. Sumlin's Counsel Was Not Constitutionally Ineffective

To establish an ineffective-assistance-of-counsel claim, a defendant must show that (1) counsel's performance was deficient, and (2) there was prejudice resulting from that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Gueits v. Kirkpatrick*, 612 F.3d 118, 122 (2d Cir. 2010). As to performance, the defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In evaluating counsel's performance, "a reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Venturella*, 391 F.3d 120, 135 (2d Cir. 2004) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)). And as to prejudice, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To that end, a defendant must show that "[t]he likelihood of a different result [was] substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Here, Sumlin argues that his attorney was constitutionally ineffective in two respects. First, he claims that counsel "was ineffective for failing to file a Notice of Appeal," thereby preventing him "from challenging most pretrial errors," including the *Rehaif* claim discussed above. (Def.'s Mot. at 5.) Second, he contends that his attorney "failed to properly advise [him] as to all the elements of" his crime, as established by *Rehaif*. (*Id.* at 6.) Unlike the claim above, Sumlin's claim alleging ineffective assistance of counsel is not procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

Still, Sumlin cannot satisfy either prong of the *Strickland* test. To begin with, his attorney was not deficient for filing a notice of appeal. As the government notes, "[i]n his Plea Agreement, the defendant expressly agreed 'not [to] file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Sentence of 46 to 57 months' imprisonment.'" (Gov't Opp'n at 8 (alterations in original).) Given this waiver, Sumlin's counsel can hardly be faulted for not filing a notice

of appeal.[3] *See Johson v. Smith*, No. 08-CV-2979 ENV, 2014 WL 1514354, at *9 (E.D.N.Y. Apr. 16, 2014) ("Unless counsel had reason to believe that the waiver was invalid, . . . appellate counsel would have been barred from advancing these two claims because such an appeal had been waived . . . ."); *see also Sarroca v. United States*, 250 F.3d 785, 787 (2d Cir. 2001) (holding that counsel was not constitutionally ineffective when "counsel's failure to file an appeal was not unreasonable"). And because an appeal would not have been successful, Sumlin was not prejudiced by his attorney's failure to seek one.

The change in law rendered by *Rehaif* does not affect this analysis. As the Second Circuit has noted, a defendant's "inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005) (footnote omitted).

Nor was Sumlin's attorney deficient in failing to fully advise him of the knowledge elements of 18 U.S.C. § 922(g). "[A]n attorney is not required to forecast changes or advances in the law in order to provide effective assistance." *United States v. Kimber*, 777 F.3d 553, 563 (2d Cir. 2015) (alteration in original) (quoting *McCoy v. United States*, 707 F.3d 184, 188 (2d Cir. 2013)). Before *Rehaif*, "all the courts of appeals to address the question ha[d] held that it does not apply to the defendant's status." 139 S. Ct. at 2210 & n.6 (Alito, J., dissenting). Thus, even if Sumlin's attorney failed to inform him of the knowledge requirement as established by *Rehaif*, that lapse did not constitute deficient performance. Further, to establish prejudice based on an attorney's deficient advice regarding a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, even if Sumlin's failure to advise him of the elements of a section 922(g)(1) conviction did constitute deficient performance, he cannot show prejudice. Given the clear evidence of his knowledge of his status as a person prohibited from possessing a firearm noted above, Sumlin cannot plausibly claim that he would have chosen not to plead guilty and proceed to trial.

Finally, Sumlin's supplemental motion raises new allegations of ineffective assistance stemming to his attorney's "fail[ure] to object to the government's delay of the preliminary hearing to seek an indictment" and "fail[ure] to file a Motion for Reconsideration when the Court denied Sumlin's suppression motion." (Def.'s Mot. Suppl. Pleadings at 2.) Neither allegation amounts to constitutionally ineffective assistance of counsel. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "Counsel [is]

---

[3] To be sure, Sumlin claims that his plea is invalid, whichh would render his appellate waiver ineffective. *See Hernandez*, 242 F.3d at 113. As already discussed, however, there is no merit to this claim. *See supra* Section II.A.

entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." *Richter*, 562 U.S. at 107. The government correctly notes, that deference is especially appropriate in a case resolved by plea. (Gov't Opp'n at 7.) As the Supreme Court has emphasized, "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks." *Premo v. Moore*, 562 U.S. 115, 124 (2011).

### C. The Court Did Not Lack Subject-Matter Jurisdiction

"To challenge the court's jurisdiction, 'the defendant who has pleaded guilty must establish that the face of the indictment discloses that the count or counts to which he pleaded guilty failed to charge a federal offense.'" *United States v. Kumar*, 617 F.3d 612, 620 (2d Cir. 2010) (quoting *Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987)). Here, Sumlin claims that the Court lacked subject-matter jurisdiction over this case because of "[t]he indictment's failure to include [the] mens rea necessary in [the] indictment for [a] violation of Felon in Possession of a Firearm."[4] (Def.'s Mot. at 9.) This argument is squarely foreclosed by the Second Circuit's decision in *Balde*. Like Sumlin, the defendant in *Balde* argued that, "in failing to allege that he had actual knowledge of his immigration status, the indictment failed to allege a federal crime, and that this defect deprived the district court of jurisdiction." 943 F.3d at 88. The Second Circuit flatly rejected that claim, reasoning that the knowledge element as established in *Rehaif* "is best understood as telling us 'what conduct [the statute] prohibits' and how the statute would be violated, which is ultimately a merits question and not one that affects the jurisdiction of the court to adjudicate the case." *Id.* at 90 (alteration in original) (quoting *United States v. Prado*, 933 F.3d 121, 138 (2d Cir. 2019)). Thus, this final claim also fails.

### III. CONCLUSION

For the reasons set forth above, Sumlin's section 2255 motion is denied. Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court concludes that a hearing on Sumlin's motion is unnecessary. 28 U.S.C. § 2255(b). Having reviewed Sumlin's supplemental motions, the Court also finds that those arguments would not affect this denial.

Further, because Sumlin has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should not be issued. 28 U.S.C. § 2253(c)(2);

---

[4] Sumlin also argues that this omission "violate[d] [the] Fifth Amendment grand [j]ury provision." (Def.'s Mot. at 9.) But "a 'defendant's plea of guilty admits all of the elements of a formal criminal charge and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction." *Balde*, 943 F.3d at 88 (quoting *United States v. Yousef*, 750 F.3d 254, 258 (2d Cir. 2014)). Thus, this claim is waived.

8

*see also Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir. 2000). In addition, the Court certifies that any appeal from an order in this Court would not be in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445–46 (1962).

    The Clerk of Court is directed to mail a copy of this order to defendant Corey Sumlin [69079-054] at FCI Allenwood Medium, Federal Correctional Center, P.O. Box 2000, White Deer, PA 17877, and note service on the docket.

Dated: New York, New York
June 18, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.